IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Anna Nuby et al.,**

    **Plaintiffs,**

v.                                                      Case No. 25-2317-JWL

**Integra Property Group, LLC et al.,**

    **Defendants.**

## **MEMORANDUM & ORDER**

Plaintiffs filed this lawsuit against defendants alleging, among other claims, discrimination pursuant to 42 U.S.C. § 1981.  This matter is presently before the court on plaintiffs' motion for "interlocutory order of default" (doc. 7).

Federal Rule of Civil Procedure 55 envisions a two-step process for obtaining a default judgment.  *Meyers v. Pfizer, Inc.,* 581 Fed. Appx. 708, 710 (10th Cir. 2014).  First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket.  *Id.*; Fed. R. Civ. P. 55(a).  Second, following an entry of default by the clerk, the party entitled to a judgment by default shall apply to the clerk or the court under Rule 55(b), depending on the nature of the relief requested.  *Meyers*, 581 Fed. Appx. at 708 & n.3.

Plaintiffs have not yet obtained a clerk's entry of default pursuant to Rule 55(a).  The motion, then, is denied without prejudice to refiling a motion for default judgment pursuant to Rule 55(b) upon the clerk's entry of default.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion interlocutory order of default (doc. 7) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2025, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
